IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                         )
                               )
NADER TAIYM,                   )    No. 15-20237
                               )    Hon. Jacqueline P. Cox
                               )    Chapter 7
        Debtor.                )

## NOTICE OF MOTION

To:
United States Trustee                David P Lloyd
219 S. Dearborn Street               David P Lloyd, Ltd.
Room 800                             615B S. LaGrange Rd.
Chicago, IL 60606                    LaGrange, IL 60525

Nader Taiym
10451 Forest Lane
Chicago Ridge, IL 60415

    **PLEASE TAKE NOTICE** that on August 19, 2015 at 9:30 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Jacqueline P. Cox in Courtroom 680 or such judge who may be sitting in her stead, in the Dirksen Federal Courthouse, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present **Trustee's Motion to Compel Debtor to Deliver Property of the Estate and For Other Relief**, at which time and place you may appear if you see fit.  A copy of said Motion is attached hereto and is herewith served upon you.

                              Andrew J. Maxwell (ARDC #1799150)
                              Maxwell Law Group, LLC
                              105 West Adams, Suite 3200
                              Chicago, IL 60603
                              312/368-1138

## CERTIFICATE OF SERVICE

    The undersigned attorney certifies that he caused a copy of the foregoing Notice and Motion to be served upon the United States Trustee and Debtors' attorney (and any others having registered) pursuant to Section II (B) (4) of the Administrative Procedures for the Case Management/Electronic Case Filing System through the Court's Electronic Notice for Registrants, and to the Debtor by depositing same in the United States Mail, first class postage prepaid, on August 14, 2015.

                              By:  */s/ Andrew J. Maxwell*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| NADER TAIYM, | ) | No. 15-20237 |
| | ) | Hon. Jacqueline P. Cox |
| | ) | Chapter 7 |
| Debtor. | ) | |

**TRUSTEE'S MOTION TO COMPEL DEBTOR
TO DELIVER PROPERTY OF THE ESTATE AND FOR OTHER RELIEF**

Andrew J. Maxwell, Trustee, by his attorneys, pursuant to Title 11 U.S.C. Sections §542(a) and 521(a) (the "Bankruptcy Code") and the applicable Rules of Federal Bankruptcy Procedure, states the following as Trustee's Motion to Compel Debtor to Deliver Property of the Estate and For Other Relief (the "Motion"), seeking entry of an order compelling the Debtor to deliver to Trustee certain funds, information and documents which constitute property of the estate or which Debtor is required to provide to the Trustee in a Chapter 7 bankruptcy case:

1. This case was commenced by Debtor's voluntary filing of a petition for relief under Chapter 7 of the Bankruptcy Code on June 10, 2015.

2. Andrew J. Maxwell was appointed as Chapter 7 Trustee, has qualified, and has been acting as such. The first meeting of creditors was scheduled for July 15, 2015, but Debtor did not appear, and the meeting has been continued to August 18, 2015. Trustee has filed his initial report of assets in this case.

3. From a review of the schedules and discussion with Debtor's attorney, the Trustee believes there may be assets to be administered in the form of real estate commonly known as 8125 S. Halsted, Chicago, Illinois (the "Real Estate"), and rents and proceeds related to that parcel (collectively with the Real Estate, the "Asset"). Trustee believes the Asset is property of

2

the estate pursuant to Section 541(a) (5) (A), Title 11 U.S.C. (the "Bankruptcy Code"). There may be other assets available to be liquidated for the benefit of creditors.

4.  Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This motion is a core proceeding pursuant to 28 U.S.C. §157(b) (2) (A), (N) and (O).

### Turnover of Property of the Estate

5.  Debtor's Schedule A disclosed ownership of the Real Estate, Debtor's Schedule I (at line 8a.) indicates $5,000 per month "net income from rental property …" as the Debtor's only source of income,[1] and Schedule D does not list any consensual mortgage against the Asset.[2] Trustee's initial investigation indicates there appears to be an operating restaurant and an occupied apartment on the Real Estate. In addition, Debtor's attorney disclosed to Trustee that there is a cell tower on or near the Real Estate from which Debtor is paid rent on a monthly basis.

6.  As a result of his preliminary investigation, Trustee requested Debtor's counsel to provide certain documents and information, including the following:

"a) evidence of insurance on that building, b) confirmation that there is not a mortgage on that RE (and if there is why it isn't scheduled), and c) a complete copy of his 2014 income tax return, d) a copy of all leases, including the cell tower, the restaurant space, and the apartment, e) contact information for each tenant; f) a payment history for each of those for the last 6 months; and g) payment of post-petition rents that your client has received."

---

[1] Although perhaps not directly relevant to the immediate issue, the Debtor's Schedule J lists an expense for real estate taxes (line 20b.) and some utilities (line 6a.-d.) which might relate to the Real Estate, but does not list any expense for debt service in regard to the Real Estate. The "rental property" generating the income is not specified on Schedule I nor is there any explanation of how the income is generated from the rental property.

[2] There is a judgment lien creditor who has filed a motion to modify for relief from the automatic stay (docket 26, notice docket 28), which is continued for status to September 1, 2015. The Cook County Recorder website discloses one or two recorded mortgages on the Real Estate but a

No documents or information have been provided as of the date of preparation of this motion.

Trustee made a second request for the foregoing documents and information on August 12, and added the following further requests:

1. Schedule G lists a "1 year lease" between Debtor and Merlow Properties. Please provide me with "nature of debtor's interest in contract ... and whether debtor is the lessor or lessee of a lease", and a copy of the lease agreement. Who owns Merlow Properties and who is D's contact person?
2. I request the last two year's tax returns for 8103 S. Halsted, Inc. ("corp") and the corporate book for the corp.[3]
3. Please provide me with a copy of the foreclosure complaint on D's house and an update on the status of the foreclosure, the accurate PIN for that house, and evidence of insurance on the house

7.  In the absence of further information and documents, the estate is exposed to loss not only from failure to collect money from the Asset that the estate is entitled to but from potentially being exposed to having an asset that is not insured and for which liability could be imposed. All of the documents requested belong to the debtor and should be within his possession or control.

8.  It appears to Trustee that Debtor is receiving an income stream derived from the Asset and the sum of all payments made on account of the Asset on or after June 10 should be turned over to the Trustee.

9.  Pursuant to §521(3) and (4) of the Bankruptcy Code, Title 11 U.S.C., Debtor has a duty to "cooperate with the Trustee as necessary to enable the Trustee to perform the Trustee's duties" and "surrender to the Trustee all property of the estate …." Trustee asserts that complying with verbal or written requests for specific information or documents is included within those duties. While it appears unambiguous that Debtor is obligated to provide the

---

complete title search has not been undertaken.
[3]  Debtor is scheduled as 100% owner of that corporation.

documents and information to the Trustee, Debtor has not provided the documents and information. Therefore, Trustee is seeking this Court to order the Debtor to perform his duties under the Bankruptcy Code.

10. At this time, pursuant to §521(4) and §542(a) of the Bankruptcy Code, Trustee seeks this Court to order Debtor immediately to deliver to or at the direction of the Trustee the following: a) evidence of insurance on the Real Estate, b) confirmation that there is not a mortgage on the Real Estate (and if there is why it isn't scheduled), c) a complete copy of debtor's 2014 income tax return, d) a copy of all leases, including the cell tower, the restaurant space, and the apartment, e) contact information for each tenant; f) a payment history for each of those for the last 6 months; g) payment of post-petition rents that debtor has received; h) Schedule G lists a "1 year lease" between Debtor and Merlow Properties, debtor shall provide "nature of debtor's interest in contract ... and whether debtor is the lessor or lessee of a lease", and a copy of the lease agreement, and information regarding who owns Merlow Properties and who is Debtor's contact person at that entity; i) the last two year's tax returns for 8103 S. Halsted, Inc. ("corp") and the corporate book for the corp.; and j) a copy of the foreclosure complaint on Debtor's house, an update on the status of the foreclosure case, the accurate PIN for that house, and evidence of insurance on the house.

11. Trustee has provided five days notice of this Motion to the Debtor, Debtor's counsel, and the United States Trustee. Trustee requests that no further notice should be required.

WHEREFORE, Andrew J. Maxwell, Trustee, prays this Court grant the relief sought herein and such other and further relief as this Court deems just and fair.

    Respectfully submitted,
    Andrew J. Maxwell, Trustee

                                            BY: */s/ Andrew J. Maxwell*
                                                 One of his attorneys

Andrew J. Maxwell (ARDC #1799150)
Maxwell Law Group, LLC
105 West Adams, Suite 3200
Chicago, IL 60603
312/368-1138