**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Nader Taiym**, | Bankruptcy No. 15-20237 |
| Debtor. | Honorable Jacquelyn P. Cox |

**COVER SHEET FOR INTERIM FEE APPLICATION OF**
**FACTORLAW FOR COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES**

| | |
|---|---|
| Name of Applicant: | Law Offices of William J. Factor, Ltd. |
| Authorized to Provide Professional Services to: | Andrew J. Maxwell, Chapter 7 Trustee for the estate of Nader Taiym |
| Date of Order Authorizing Employment: | November 17, 2016 |
| Period for Which Compensation is Sought: | May 5, 2017 – March 6, 2018 |
| Amount of Fees Sought: | $18,262.50 |
| Amount of Expense Reimbursement Sought: | $293.11 |
| This is a: | First and Final Application |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $    0.00    .

Dated: April 10, 2019          FactorLaw

                    By: /s/ Ariane Holtschlag

{00104020}

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Nader Taiym**, | Bankruptcy No. 15-20237 |
| Debtor. | Honorable Jacquelyn P. Cox |

**FACTORLAW'S INTERIM APPLICATION FOR**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Ariane Holtschlag and the Law Office of William J. Factor, Ltd. (collectively "*FactorLaw*"), counsel for Andrew J. Maxwell, not individually but as the chapter 7 trustee (the "*Trustee*") of the bankruptcy estate (the "*Estate*") of Nader Taiym (the "*Debtor*"), hereby submits its interim application (the "*Application*") pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1) seeking compensation of **$18,262.50** for legal services performed by FactorLaw during the period of May 5, 2017 through March 6, 2018 (the "*Application Period*") and **$293.11** in expenses incurred in connection with those services. In support of its Application, FactorLaw states as follows:

**JURISDICTION**

1.   This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2.   Venue of the above-captioned case (the "*Case*") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.   This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

## BACKGROUND

4.   On June 10, 2015, (the "**Petition Date**") the Debtor filed a voluntary petition for relief under chapter 7 of title 11, United States Code (the "**Bankruptcy Code**"), thereby initiating the Case.

5.   Subsequent to the Petition Date, the Trustee was appointed as the interim case trustee. The Trustee now serves as permanent trustee and is charged with administering all property of the Estate.

6.   The Court approved the Trustee's retention of FactorLaw on November 17, 2016.

## FEE APPLICATION

### I.   Services performed.

7.   FactorLaw maintains contemporaneous written records of the time expended by its professionals.

8.   Such records for the Case, copies of which are grouped and attached hereto as **Exhibit 1**, set forth in detail: (a) the services rendered by FactorLaw (the "**Services**") on behalf of the Trustee, (b) the dates upon which such Services were rendered; (c) the amount of time spent on the Services; and (d) the professionals who performed the Services.

   A.   *Summary of Services by professional.*

9.   FactorLaw spent a total of 73.9 hours at a cost of $18,262.50 in connection with this Case.

10.   A breakdown of the professionals providing Services is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Ariane Holtschlag | Partner | $275/$325/$350[1] | 35.2 | $9,495.00 |

---

[1] Ms. Holtschlag's hourly rate was increased in the ordinary course of FactorLaw's annual rate adjustments.

{00104020}                     3

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---:|---:|---:|
| Danielle Ranallo | Law Clerk | $100 | 1.7 | 170.00 |
| Jeffrey K. Paulsen | Partner | $275/325[2] | 10.3 | $2,857.50 |
| Z. James Liu | Associate | $250 | .5 | $125.00 |
| Samuel Rodgers | Law Clerk | $100/$125 | 1.8 | $190.00 |
| Thomas H. Griseta | Associate | $200/$250[3] | 23.5 | $5,110.00 |
| William J. Factor | Partner | $350 | .9 | $315 |
| | | **Totals:** | **73.9** | **$18,262.50** |

B. *Itemization of fees by category of Services rendered.*

11. **Case Administration.** FactorLaw spent a total of 7.2 hours at a cost of $2,107.50 on matters relating to case administration.

12. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---:|---:|---:|
| Ariane Holtschlag | Partner | $275/$325/$350 | 6.3 | $2,017.50 |
| Danielle Ranallo | Law Clerk | $100 | .9 | $90.00 |
| | | **Totals:** | **7.2** | **$2,107.50** |

13. **Asset Recovery.** FactorLaw spent a total of 18.6 hours at a cost of $3,252.50 on matters relating to asset recovery.

---

[2] Mr. Paulsen's hourly rate was increased in the ordinary course of FactorLaw's annual rate adjustments.
[3] Mr. Griseta's hourly rate was increased in the ordinary course of FactorLaw's annual rate adjustments.

{00104020}        4

14. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Ariane Holtschlag | Partner | $275/$325/$350 | 3.3 | $192.50 |
| Thomas H. Griseta | Associate | $200/$250 | 15.3 | $3,060.00 |
| | | Totals: | 18.6 | $3,252.50 |

15. **Adversary Proceeding.** FactorLaw spent a total of 33.0 hours at a cost of $8,627.50 on matters relating to preparing and prosecuting the Adversary Proceeding.

16. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Ariane Holtschlag | Partner | $275/$325/$350 | 15.9 | $4,147.50 |
| Danielle Ranallo | Law Clerk | $100 | 0.8 | $80 |
| Jeffrey K. Paulsen | Partner | $275/$325 | 9.8 | $2,695.00 |
| Z. James Liu | Associate | $250 | 0.5 | $125.00 |
| Thomas H. Griseta | Associate | $200/$250 | 5.1 | $1,275.00 |
| William J. Factor | Partner | $350 | 0.9 | $315.00 |
| | | Totals: | 33.0 | $8,627.50 |

17. **Settlement.** FactorLaw spent a total of 15.1 hours at a cost of $4,265.00 on matters relating to negotiating and preparing a settlement.

18. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Ariane Holtschlag | Associate | $275/$325/$350 | 9.7 | $3,137.50 |
| Jeffrey K. Paulsen | Partner | $275/$325 | .5 | $162.50 |
| Samuel Rodgers | Law Clerk | $100/$125 | 1.8 | $190.00 |
| Thomas H. Griseta | Associate | $200/$250 | 3.1 | $775.00 |
| | | **Totals:** | **15.1** | **$4,265.00** |

## II.  Expenses

19.  FactorLaw incurred $293.11 in actual and necessary expenses related to this Case. A copy of the expense record is attached hereto as **Exhibit 2**.

20.  FactorLaw does not bill its clients or seek compensation in this Application for its overhead expenses. The expenses listed above are actual out of pocket costs advanced by FactorLaw.

## III.  FactorLaw's retention was appropriate through the Application Period

21.  During the Application Period, no agreement or understanding exists between FactorLaw and any other person for the sharing of compensation received or to be received in connection with this Case.

22.  No compensation has been promised to FactorLaw other than as disclosed or approved by this Court. FactorLaw certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee.

{00104020}                                              6

23.     Finally, FactorLaw represents that it is and was through the Application Period a disinterested party and does not hold any relationship adverse to the Estate.

## BASIS FOR THE REQUESTED RELIEF

24.     Under Section 330(a)(1)(A), the Court may award a professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

25.     In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach—multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); *accord In re UNR Indus.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

26.     The Seventh Circuit has mandated that an "attorney's actual billing rate … is considered to be the presumptive market rate." *Small*, 264

F.3d at 707. Moreover, "[t]he lawyer's regular rate is strongly presumed to be the market rate for his or his services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), cert. denied, 532 U.S. 1066 (2001).

27. Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*, 157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

28. The average hourly billing rate for the professionals who performed the Services—that is, the "lodestar" rate— is $247.12. This average rate is fair and reasonable in light of the services provided and the experience of FactorLaw's professionals. Moreover, the compensation requested by the FactorLaw is reasonable based upon the customary compensation charged by comparably skilled practitioners in either non-bankruptcy or bankruptcy cases.

**WHEREFORE**, FactorLaw respectfully requests that this Court enter an Order:

A. Allowing FactorLaw compensation for actual, necessary legal services in the amount of **$18,262.50**;

B. Authorizing reimbursement of FactorLaw for actual and necessary expenses in the amount of **$293.11**;

C. Authorizing the Trustee to pay FactorLaw the allowed compensation and reimbursement of expenses in the total amount of **$18,555.61**; and

D. Granting such other relief as the Court deems just and equitable.

Dated: April 10, 2019 **FactorLaw**

By: */s/ Ariane Holtschlag*
One of Its attorneys

William J. Factor (6205675)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel: (312) 878-4830
Fax: (847) 574-8233
Email: aholtschlag@wfactorlaw.com